United States Court of Appeals
Fifth Circuit

**F I L E D**

April 13, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60471
Summary Calendar

LUTHER WILLIAMS,

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA VETERANS ADMINISTRATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi

(3:05-CV-499)

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Luther Williams appeals the district court's

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

order dismissing his claims against the United States of America Veterans Administration  (hereinafter "V.A.") . In 2005, Williams brought the present suit against the V.A. alleging the V.A. violated his constitutional rights by foreclosing and taking possession of his residence after he defaulted on a home-loan. Because the district court found these arguments were raised or reasonably could have been raised in a prior proceeding, it dismissed on *res judicata* grounds. We affirm.

In 2000, the V.A. brought an action in federal court against Williams to take possession of his residence based on his default of a V.A. loan. The loan was secured by his residence located at 5222 Nantucket Drive, Hinds County, Mississippi. Williams counter-claimed, alleging fraud. The district court dismissed Williams' fraud claim and awarded the V.A. possession of the property.

In 2005 Williams filed this suit alleging damages related to the foreclosure and seeking ownership of the property. Based on our de novo review, we affirm.

*Res judicata* is appropriate when: (1) the parties are identical in the two actions; (2) the prior judgment was rendered by a court

of competent jurisdiction; (3) the prior judgment is a final judgment on the merits; and (4) the same claim or cause of action is involved in both cases. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559 (5th Cir. 2004). The doctrine bars the subsequent litigation of claims that have been litigated or should have been raised in an earlier suit. *Id.*

Clearly, the first three requirements are met here. Further, although Williams cites the correct standard in his briefing before this court, he does not convince us that the present suit involves claims different than the prior suit. In fact, the issues raised by Williams involve the same "nucleus of operative facts," as the prior suit. *Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir. 1992). These issues either were raised, or should have been raised in the prior suit concerning the foreclosure. Thus, Williams' suit was properly dismissed under the doctrine of *res judicata*.

AFFIRMED.